UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JOHN R. CHAVERS,<br><br>　　　　Plaintiff,<br><br>v.<br><br>MAGGIE MILLER-STOUT, et al.,<br><br>　　　　Defendants. | No. CV-05-228-CI<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL, MOTION FOR CHANGE OF VENUE, MOTION FOR MEDICAL INVESTIGATOR, AND MOTION FOR EXTENSION OF TIME AND ADDENDUM OF COMPLAINT; WITH DIRECTIVE<br><br>---- **ACTION REQUIRED** ---- |

　　　Before the court are Plaintiff's renewed Motion for Counsel, Motion for Change of Venue, Motion for Appointment of Medical Investigator, and Motion for Extension of Time and Permission for Addendum to Complaint. (Ct. Rec. 31, 45, 46, 49.) Plaintiff, a prisoner currently housed at Athanum View Corrections Complex (AVCC) in Yakima, Washington, filed a civil rights Complaint pursuant to 42 U.S.C. § 1983, the Americans with Disabilities Act (ADA), 42 U.S.C. § 12133, and the Rehabilitation Act of 1973, 29 U.S.C. § 794(a). (Ct. Rec. 11.)  Plaintiff is appearing pro se; Defendants are represented by Assistant Attorney General Amanda Migchelbrink.  The parties have consented to proceed before a magistrate judge. (Ct. Rec. 36.)  The motions were consolidated and heard before the undersigned without oral argument on October 6, 2006.

ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL, MOTION FOR CHANGE OF VENUE, MOTION FOR MEDICAL INVESTIGATOR, AND MOTION FOR EXTENSION OF TIME AND ADDENDUM OF COMPLAINT; WITH DIRECTIVE - 1

**A.   Motion for Counsel (Ct. Rec. 31).**

On June 30, 2006, Judge Van Sickle denied, with leave to renew, Plaintiff's initial Motion for Appointment of Counsel. (Ct. Rec. 30.) Plaintiff filed the instant renewed Motion for appointment of counsel on July 5, 2006, citing unfamiliarity with the discovery process and lack of access to a law library as a basis for appointment of counsel (Ct. Rec. 31.)

A district court has the discretion to appoint counsel to represent an indigent civil litigant. 28 U.S.C. § 1915(e); *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). However, "exceptional circumstances" must exist to warrant appointment of counsel in civil actions for damages. *Wilborn*, 789 F.2d at 1331. *See also, United States v. McQuade*, 579 F.2d 1180, 1181 (9th Cir. 1978). In assessing exceptional circumstances, two factors must be viewed together: the likelihood of success on the merits and the ability of the plaintiff to articulate his case in light of the complexity of the case. *Wilborn*, 789 F.2d at 1331.

Here, Plaintiff has not yet demonstrated a likelihood of success on the merits. Lack of experience and education in the law and difficulties presented by the discovery process do not constitute exceptional circumstances. *Wilborn*, 789 F.2d at 1331. Plaintiff has been articulate in presenting his claims in the Complaint and later pleadings. Further, the case does not present issues of substantial complexity.

Regarding access to a law library, although AVCC does not have a law library, the Department of Corrections provides legal access

ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL, MOTION FOR CHANGE OF VENUE, MOTION FOR MEDICAL INVESTIGATOR, AND MOTION FOR EXTENSION OF TIME AND ADDENDUM OF COMPLAINT; WITH DIRECTIVE - 2

to AVCC inmates with pending lawsuits by transporting them to a facility with a law library as soon as possible after the prisoner notifies his corrections counselor of his need. (Ct. Rec. 34, Ex. 1, Declaration of Patricia McNeil.) A prisoner's constitutional right to legal access does not require a particular element. A prisoner must have a meaningful opportunity to litigate his action, but there is no right to a law library at every correctional center. "[P]rison law libraries and legal assistance programs are not ends in themselves, but only the means for ensuring 'a reasonably adequate opportunity to present claimed violations of fundamental constitutional rights to the court.'" *Lewis v. Casey*, 518 U.S. 343, 351 (1996); *see also Bounds v. Smith*, 430 U.S. 817, 832, 97 S.Ct. 1491 (1977). Based on the record currently before the court, the AVCC gives Plaintiff adequate access to a law library. Further, Plaintiff makes no showing that he has suffered any actual injury due to the AVCC legal access policy. *Lewis*, 518 U.S. at 351-52. The file demonstrates that he has been able to adequately present his case. Plaintiff's dissatisfaction with AVCC's policy providing access to a law library does not create exceptional circumstances.

As Plaintiff has not demonstrated exceptional circumstances at this time, his Motion for Counsel is **DENIED, with leave to renew.**

**B.   Mediation.**

The court notes from a review of the Complaint allegations, that what Plaintiff ultimately seeks, consistent with state regulations, is a separate cell, rather than a shared cell, to assist him with his hygiene, as he is a paraplegic whose bowel care

ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL, MOTION FOR CHANGE OF VENUE, MOTION FOR MEDICAL INVESTIGATOR, AND MOTION FOR EXTENSION OF TIME AND ADDENDUM OF COMPLAINT; WITH DIRECTIVE - 3

requires him to manually remove his feces with rubber gloves. For a variety of proffered reasons, in addition to privacy and dignity, Plaintiff believes for the health and safety of all cell mates, a separate cell is necessary. In addition, Plaintiff seeks referral to a specialist in spinal condition injuries. Without prejudging the case, it appears these are matters that might be amenable to resolution by the parties through an early mediation. If the parties are agreeable to referral by the court to a local rule volunteer mediator, the parties shall notify the court by filed (and served by mail) **written submissions within two weeks of the date of this Order.** If this matter is referred for mediation, the court will attempt to locate a volunteer attorney to assist Plaintiff for the temporary and limited purpose of communicating with the defense during negotiations and mediation. If mediation fails, Plaintiff may renew his motion for appointment for purposes of additional representation.

**C.   Motion for Change of Venue (Ct. Rec. 45).**

Plaintiff bases his request for a change of venue to Yakima, Washington, on the following allegations: (1) it would be more convenient for him, (2) DOC would refuse to transfer him back to AVCC after the trial, and (3) "the residents of Spokane hold a personal enmity" against him that would preclude an unbiased jury in Spokane. He also alleges that the Spokane media would "turn the proceedings into a media circus." (Ct. Rec. 45.)

A change of venue for federal civil actions is governed by 28 U.S.C. § 1404. A district court has the discretion to grant a

ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL, MOTION FOR CHANGE OF VENUE, MOTION FOR MEDICAL INVESTIGATOR, AND MOTION FOR EXTENSION OF TIME AND ADDENDUM OF COMPLAINT; WITH DIRECTIVE - 4

change of venue for "the convenience of parties and witnesses, and in the interest of justice." 28 U.S.C. § 1404 (a). Plaintiff asserts that a trial in Yakima, Washington, would be more convenient for him. Defendants respond that changing venue from Spokane to Yakima would inconvenience the witnesses located in Spokane County and the parties, with the exception of Plaintiff. A change of venue is not warranted where the alleged wrongdoing took place at Airway Heights Correctional Center in Spokane County, and Defendants and witnesses are primarily located in Spokane County. Plaintiff does not demonstrate how a change of venue would be more convenient for the other parties or witnesses.

Plaintiff's allegation that a change of venue to Yakima is necessary because DOC will probably place him in a "multi-man cell" in Spokane and refuse his return to AVCC, is unsupported by facts or argument. Likewise, his assertion that it will be impossible to find an unbiased jury in Spokane is speculative and unsupported by facts. The *voir dire* process in jury selection is designed to identify potential jurors who know of Plaintiff's crime and/or hold enmity towards him. Further, jurors are selected from additional counties in the Eastern District of Washington, not just Spokane County. Regarding prejudice caused by media coverage, Plaintiff must show a reasonable likelihood that inflammatory publicity immediately before trial warrants a change of venue. A factual account in the media, without a demonstration of "a huge wave of public passion," does not warrant a change in venue. *Casey v. Moore*, 386 F.3d 896, 907 (9th Cir. 2004). Plaintiff's speculation

ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL, MOTION FOR CHANGE OF VENUE, MOTION FOR MEDICAL INVESTIGATOR, AND MOTION FOR EXTENSION OF TIME AND ADDENDUM OF COMPLAINT; WITH DIRECTIVE - 5

that the media in Spokane will prejudice his trial, without more, is insufficient to warrant a change of venue. Plaintiff has not demonstrated that a change of venue is in the interests of justice; therefore, his Motion for Change of Venue **(Ct. Rec. 45)** is **DENIED, with leave to renew** if facts develop to support the motion.

**D.   Motion for Medical Investigator (Ct. Rec. 46).**

Plaintiff's claims against Defendants allege cruel and unusual punishment and deliberate indifference in Defendants' treatment of his spinal cord injury and resultant pain. Plaintiff requests the court to appoint a medical investigator in the area of spinal cord injuries and treatment to review his medical records while incarcerated in DOC facilities. The court construes this as a motion for court-appointed expert pursuant to FED. R. EVID. 706, under which the court may enter an order to show cause why an expert witness should not be appointed, and may ask the parties to submit nominations. FED. R. EVID. 706(a). The expert to be appointed under Rule 706 is a neutral expert, appointed to assist the court at the court's discretion. The court's decision to appoint an expert is reviewed for abuse of discretion. *Walker v. American Home Shield Long Term Disability Plan*, 180 F.3d 1065, 1071 (9th Cir. 1999).

The claims in the Plaintiff's Complaint allege violations of Plaintiff's Eighth Amendment rights. Plaintiff does not explain in what way a court-appointed expert to review his medical records would assist the court in these proceedings at this time. Discovery has not been completed, dispositive motions have not been filed and considered. At this point in the proceedings, the court does not

ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL, MOTION FOR CHANGE OF VENUE, MOTION FOR MEDICAL INVESTIGATOR, AND MOTION FOR EXTENSION OF TIME AND ADDENDUM OF COMPLAINT; WITH DIRECTIVE - 6

require the views of a neutral expert. Accordingly, Plaintiff's Motion for a court-appointed expert **(Ct. Rec. 46)** is **DENIED, with leave to renew.**

**E.   Motion for Extension of Time and Permission for Addendum to Complaint (Ct. Rec. 49).**

On August 28, 2006, Plaintiff filed an "Addendum to Complaint" purporting to add parties and facts to his Complaint. (Ct. Rec. 51.) On September 7, 2006, Plaintiff filed a Motion for Extension of Time and Permission for Addendum to Complaint (Ct. Rec. 49) and on September 12, 2006, he filed a "Notice of Hearing" set for October 6, 2006, without oral argument. The court construes these filings as a Motion to amend complaint pursuant to FED. R. CIV. P. 15.

A plaintiff may amend his complaint after a defendant files a responsive pleading or after a trial date is set "only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." FED. R. CIV. P. 15(a). However, if a proposed amendment is futile, causes undue delay, is motivated by bad faith or causes prejudice to the opposing party, leave to amend should be denied. *United States v. Pend Oreille Public Utility Dist. No. 1*, 926 F.2d 1502, 1511 (9th Cir. 1991). Defendants have filed their Answer (Ct. Rec. 15) and a trial date has been set. (Ct. Rec. 41.)

Rule 15 also allows for the filing of supplemental pleadings "setting forth transactions or occurrences or events which have happened since the date of the pleading sought to be supplemented" with permission of the court. FED. R. CIV. P. 15 (d).

ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL, MOTION FOR CHANGE OF VENUE, MOTION FOR MEDICAL INVESTIGATOR, AND MOTION FOR EXTENSION OF TIME AND ADDENDUM OF COMPLAINT; WITH DIRECTIVE - 7

Plaintiff proposes in his Addendum to add "Chana White, Carla Journagan, Dr. Gondo" as parties, based on actions they took at AVCC in Yakima, Washington, where Plaintiff has been housed since on or about March 7, 2006. (Ct. Rec. 51 at 3; Ct. Rec. 22.) The information included in Plaintiff's proposed Addendum is unrelated to the alleged facts and claims presented in the Complaint. The parties work at AVCC, and the facts alleged appear to have taken place in Yakima County. Venue would be proper in Yakima County instead of Spokane County. A separate complaint should be filed to address these unrelated claims. Further, the proposed Addendum does not allege constitutional violations and is insufficient to supercede the Complaint; therefore, at this time, the proposed amendment appears to be futile. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967); *Bullen v. De Bretteville*, 239 F.2d 824, 833 (9th Cir. 1956). Upon consideration of these factors, Plaintiff's Motion for leave to amend his Complaint **(Ct. Rec. 49) is DENIED without prejudice.** Accordingly,

**IT IS ORDERED:**

1. Plaintiff's Motion for Counsel (**Ct. Rec. 31**) is **DENIED, with leave to renew.**

2. Plaintiff's Motion for Change of Venue (**Ct. Rec. 45**) is **DENIED, with leave to renew.**

3. Plaintiff's Motion for Appointment of Medical Investigator (**Ct. Rec. 46**) is **DENIED, with leave to renew.**

4. Plaintiff's Motion for Extension of Time and Permission for Addendum to Complaint (**Ct. Rec. 49**) is **DENIED, without**

ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL, MOTION FOR CHANGE OF VENUE, MOTION FOR MEDICAL INVESTIGATOR, AND MOTION FOR EXTENSION OF TIME AND ADDENDUM OF COMPLAINT; WITH DIRECTIVE - 8

**prejudice.**

5. Within two weeks of the date of this Order, the parties shall file and serve a written statement of whether they are willing to participate in mediation with a volunteer mediator.

The District Court Executive shall file this Order and provide a copy to Plaintiff and counsel Defendants.

DATED October 27, 2006.

                         S/ CYNTHIA IMBROGNO
                    UNITED STATES MAGISTRATE JUDGE

ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL, MOTION FOR CHANGE OF VENUE, MOTION FOR MEDICAL INVESTIGATOR, AND MOTION FOR EXTENSION OF TIME AND ADDENDUM OF COMPLAINT; WITH DIRECTIVE - 9